Matter of US Bank N.A. v Merino

2026 NY Slip Op 02477

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of US Bank National Association etc., Plaintiff-Appellant,

v

Moises R. Merino, Defendant-Respondent, Mortgage Electronic Registration Systems, Inc. et al., Defendants.

Decided and Entered: April 23, 2026

Index No. 380003/10|Appeal No. 6461|Case No. 2025-03988|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Knuckles & Manfro, LLP, Tarrytown (Louis A. Levithan of counsel), for appellant.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about May 27, 2025, which denied without prejudice plaintiff's motion to confirm a Referee's report and for a judgment of foreclosure and sale, and which granted the cross-motion of defendant Moises R. Merino pursuant to CPLR 5001 (a) to toll interest on the subject mortgage from October 12, 2012 to March 20, 2020 and from November 3, 2020 to June 8, 2023, unanimously affirmed, without costs.

The court properly declined to confirm the Referee's report. In arriving at his conclusions regarding the amounts due from defendant Merino on the subject loan, the Referee relied exclusively on an affidavit from an employee of plaintiff's loan servicer, Specialized Loan Servicing LLC (SLS) and the exhibits annexed thereto. The employee laid a proper foundation for records from SLS and prior loan servicers, whose records he attested were routinely "integrated and boarded into SLS's systems" and whose accuracy SLS routinely relied upon (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [2d Dept 2019]). However, he did not state whether SLS or a prior servicer created the specific records that he relied on to show the amounts due from Merino, or whether those records instead came from plaintiff itself, about whose records he made no attestations. Nor were there sufficient identifying marks on the records indicating who made them or any other text identifying the loan with which the records were associated.

The court providently exercised its discretion in granting Merino's cross-motion to toll interest (see People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1622-23 [2d Dept 2020]; c.f. Bank of N.Y. Mellon v Davis, 219 AD3d 420-421 [1st Dept 2023]). Plaintiff failed to explain the year-and-a-half gap between the appointment of the fourth referee and its motion to replace him, nor did it account for the nearly four-year delay between the appointment of the Referee whose report is at issue and the release of his report. In addition, the record suggests that plaintiff was responsible for the decision of one of the Referees to decline his appointment based on an "insufficient fee." The delays resulted in significant prejudice to Merino, since the accumulated
interest exceeded the outstanding principal. Accordingly, tolling of the interest was within the court's equitable power (see People's United Bank, 189 AD3d at 1622).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026